IN RE PATSY S. MILLER, MORTGAGOR, JOE H. LEONARD, TRUSTEE, DEED OF TRUST BOOK 583, PAGE 233, TRACT 1

No. 8422SC487

(Filed 5 February 1985)

**Mortgages and Deeds of Trust § 30— upset bid—compliance bonds rejected by clerk—sale to highest bidder at foreclosure confirmed**

Evidence was sufficient to support the trial judge's conclusions that an upset bid was void *ab initio* in that bonds accompanying the upset bid did not comply with the clerk's order and were not approved by the clerk, that appellant had not filed an upset bid within the time required by law, and that the sale to the highest bidder at foreclosure should be confirmed where the evidence tended to show that bonds first presented by appellant's brother and accepted by the clerk apparently complied with the clerk's order, since they totaled the amount required; but the brother misrepresented his assets and liabilities in an affidavit used to support his surety bond; the clerk was entitled to set aside his approval of the bond and conclude that the upset bid was consequently void; the superior court judge acquired authority to set aside the approval of the brother's surety bond when appellant appealed the controversy to him; since the bond and the upset bid were properly declared void, the trial court properly concluded that appellant had not filed an upset bid within the time required by law; and it was thus appropriate to order confirmation of the sale to the highest bidder at foreclosure. G.S. 45-21.27(b) & (j).

APPEAL by Eugene Morris Miller, Jr., from *Albright, Judge.* Judgment entered 11 January 1984 in Superior Court, DAVIDSON County. Heard in the Court of Appeals 10 January 1985.

Eugene Miller appealed from a judgment disallowing an upset bid made in his name after the subject property had been bid on at foreclosure by Lexington State Bank (hereinafter, Bank). The trial judge conducted a hearing pursuant to G.S. 1-276 and made findings which are summarized as follows: The Bank was

high bidder at $100,000 on the property in question at a fore-closure resale held on 6 December 1983. On the same day, the clerk of court ordered that any upset bids be accompanied by a cash bond or surety bond approved by him, as set forth in G.S. 45-21.27(b). On 19 December 1983, John A. Miller, brother of Eugene Miller, called the clerk to ask if he could make an upset bid over the telephone. The clerk responded that a deposit was necessary, so John A. Miller deposited a certified check made payable to himself in the amount of $5,050 with the clerk. John A. Miller requested that his receipt be placed in the name of Eugene Miller. John A. Miller also presented the clerk with a $20,000 bond secured by real property, a $40,000 bond for which John A. Miller was the surety, individually, and a $40,000 bond for which John A. Miller was the surety as president and sole owner of the J. A. Miller Roofing and Sheet Metal Co., Inc., of Lexington, North Carolina. Both $40,000 bonds were accompanied by af-fidavits listing the assets and liabilities of John A. Miller in-dividually and of his corporation.

The clerk discovered on 21 December 1983 that John A. Mil-ler's purported corporation was not registered in Davidson Coun-ty or with the Secretary of State. The clerk allowed a purchased bond from a bonding company to replace the bond of the non-existent corporation.

John A. Miller had listed 598 head of cattle, valued at $373,700, among his assets. The clerk learned that a deputy sher-iff could not locate the cattle. The clerk also discovered $16,900 worth of outstanding judgments on record against John A. Miller, whereas his affidavit listed only $2,300 in miscellaneous liabilities. Consequently, on 29 December 1983, but effective as of 19 Decem-ber 1983, the clerk set aside his approval of John A. Miller's in-dividual surety bond, declared the upset bid void, and confirmed the 6 December 1983 sale to Lexington State Bank.

Eugene Miller gave notice of appeal to the judge of superior court from the clerk's order of 29 December 1983, although he had not contacted or appeared in the clerk's office with respect to the events discussed above. Eugene Miller made his first ap-pearance in this matter on 9 January 1984 at the hearing before the trial judge.

The trial judge made findings consistent with those of the clerk regarding defects in the surety bonds for the upset bid. He further found that John A. Miller had sworn that he had $80,000 in liabilities in an affidavit of indigency on 12 July 1983, compared to the mere $2,300 in liabilities he swore to in support of his surety bond. John A. Miller was also guilty of five worthless check violations in 1983. The trial judge found that John A. Miller intended to and did perpetrate a fraud on the court by misrepresenting his assets and liabilities regarding his surety bond for the upset bid he made in the name of his brother, Eugene Miller.

Based upon the foregoing findings, the trial judge concluded that the 19 December 1983 upset bid was void *ab initio* in that the bonds did not comply with the clerk's 6 December 1983 order and were not approved by the clerk. He further concluded that Eugene Miller had not filed an upset bid within the time required by law, and that the 6 December 1983 sale to Lexington State Bank should be confirmed. From judgment setting aside the initial approval of John A. Miller as surety, declaring the upset bid and bond securing it void *ab initio*, and confirming the foreclosure sale to the Bank, Eugene Miller appealed.

*Charles E. Frye, III, for Eugene Morris Miller, Jr., appellant.*

*Smith and Penry, by Phyllis S. Penry, for Lexington State Bank, appellee.*

HEDRICK, Chief Judge.

Eugene Miller assigns error to the admission of testimony by the trustee regarding a letter about Eugene Miller's role in an earlier foreclosure sale of the same property. He claims the letter was not authenticated and the testimony was irrelevant. He also assigns error on the grounds of relevance to the admission of testimony from the trustee concerning the procedural history of the foreclosure. This evidence was clearly admissible; however, the findings based on this evidence were not essential to the trial judge's conclusions or judgment, and thus there is no possibility of prejudicial error.

Eugene Miller contends that various findings of fact made by the trial judge are not supported by the evidence, and that the trial judge's order must be vacated and the cause remanded. We disagree for the following reasons:

Assuming that Eugene Miller is a "party aggrieved" within the meaning of G.S. 1-272, his appeal from the clerk to the trial judge empowered the judge "to hear and determine all matters in controversy." G.S. 1-276. The principal matter in controversy is whether the clerk's approval of the surety bond was properly set aside and the upset bid properly declared void.

G.S. 45-21.27(a) provides that an upset bid is an advanced, increased, or raised bid offering to purchase real property in an amount exceeding by a certain percentage the price at which the property previously sold, where the increased amount is deposited with the clerk, and where the deposit is made within ten days of the report of foreclosure sale required by G.S. 45-21.26 and 45-21.29(e). Whenever an upset bid is submitted, together with a compliance bond if one is required, G.S. 45-21.29(a) requires the clerk to order a resale. The provisions regarding compliance bonds are set forth in G.S. 45-21.27(b):

> The clerk of the superior court may require the person submitting an upset bid also to deposit a cash bond, or, in lieu thereof at the option of the bidder, a surety bond, approved by the clerk. The amount of such bond shall not exceed the amount of the upset bid less the amount of the required deposit.

On 6 December 1983 the clerk ordered that any upset bid be secured by a G.S. 45-21.27(b) compliance bond in the amount of the upset bid less the amount of the required deposit.

The undisputed evidence shows that the bonds first presented by John A. Miller and accepted by the clerk apparently complied with the clerk's order since they totaled $100,000. However, competent evidence also shows, in support of the trial judge's pertinent findings, that John A. Miller misrepresented his assets and liabilities in an affidavit used to support his surety bond. Indeed, Eugene Miller never excepted to the findings that John A. Miller swore to liabilities of $2,300 when he had outstanding judgments against him far in excess of that amount. Nor did he except to the finding that in July of 1983 he completed an affidavit of indigency which listed $80,000 in liabilities, compared to the $2,300 he listed in December 1983.

In light of all the evidence and findings that John A. Miller had misrepresented his security for the compliance bond, the

court was entitled to set aside its approval of the bond and conclude that the upset bid was consequently void. G.S. 45-21.27(b) specifically states that surety bonds must be approved by the clerk. A clerk is not bound by his initial approval of a surety bond if he subsequently finds it to be defective. The power of a clerk to set aside his initial approval is inherent in G.S. 45-21.27(b), and is also authorized by G.S. 45-21.29(j), which provides:

> The clerk of the superior court shall make all such orders as may be just and necessary to safeguard the interests of all parties, and shall have authority to fix and determine all necessary procedural details with respect to resales in all instances in which this Article fails to make definite provision as to such procedure.

The superior court judge likewise acquired authority to set aside the approval of John A. Miller's surety bond pursuant to G.S. 1-276 when Eugene Miller appealed the controversy to him.

Without a valid compliance bond, the upset bid had no effect and the clerk was not required to order a resale. G.S. 45-21.29(a). Since the bond and hence the upset bid were properly declared void, the trial judge properly concluded that Eugene Miller had not filed an upset bid within the time required by law. The record indicates that the ten day period of G.S. 45-21.27(a) for filing an upset bid elapsed without a valid bid being filed. It was thus appropriate to order confirmation of the resale to Lexington State Bank. G.S. 45-21.29(h).

Affirmed.

Judges WHICHARD and PARKER concur.